**Louis C. CALDARERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Jesse F. WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47367, 47368.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

---

Jim Tom Haynes, Mexico City, Mexico, for appellants.

Robert O. Smith, Dist. Atty., Stephen H. Capelle, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for the possession of marihuana; the punishment, two years' imprisonment, probated.

The marihuana admitted into evidence was obtained by officers armed with a search warrant. The question presented is whether the affidavit supporting the search warrant states probable cause. We find that it does not.

The relevant part of the affidavit reads as follows:

"My source has been present when sales of narcotics were made by customers who came to the residence to buy drugs. My source has been present when sales were made within the past 72 hours.

"My source states Lewis (sic) goes into one of the bedrooms and gets the drugs and then deals them. Also they keep a small amount of drugs in the front room.

"My source does not have a criminal record with Austin Police Department and my source has not given information in the past that resulted in arrests.

"My source has stated facts that I know to be true from other persons and relates facts that I knew to be true and correct, concerning drug traffic in Austin."

In Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964) the Supreme Court of the United States set out two requirements for an affidavit for a search warrant where the affidavit is based on hearsay information. Aguilar requires first that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were," and, secondly, that he be informed of "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible,' or his information 'reliable.'" 378 U. S. at 114, 84 S.Ct. at 1514.

Since we find that the second requirement of Aguilar is not met, we need not consider here the first requirement.[1]

The affidavit in the case at bar does not meet the second requirement of Aguilar because it does not state sufficient circumstances from which it may be determined that the unnamed first-time informer was credible and reliable.

The only alleged circumstance is that the informer does not have a police record with the City of Austin Police Department.

---

1. Among the cases which discuss the first requirement are Bridger v. State, Tex.Cr. App., 503 S.W.2d 801, (decided January 9, 1974) ; Lowery v. State, 499 S.W.2d 160 (Tex. Cr.App.1973) ; Nicol v. State, 470 S.W.2d 893 (Tex.Cr.App.1971) ; Ruiz v. State, 457 S.W. 2d 894 (Tex.Cr.App.1970) ; Powers v. State, 456 S.W.2d 97 (Tex.Cr.App.1970).

The last sentence in the quoted portion of the affidavit is conclusory in nature and is not an allegation of circumstances which would aid the magistrate in determining the credibility and reliability of the informer. Neither does this affidavit contain any allegations resulting from surveillance or independent investigation by the affiant or someone other than the informer. See, e. g., Polanco v. State, 475 S.W. 2d 763 (Tex.Cr.App.1971).

Among the cases in which this Court has considered the second requirement of Aguilar as applied to an unnamed first-time informer are Yantis v. State, 476 S. W.2d 24 (Tex.Cr.App.1972); Adair v. State, 482 S.W.2d 247 (Tex.Cr.App.1972); Wetherby v. State, 482 S.W.2d 852 (Tex. Cr.App.1972); and Cook v. State, 497 S. W.2d 295 (Tex.Cr.App.1973). In each of these cases the affidavit was found to be sufficient to meet the second requirement of Aguilar but each opinion indicates that the affidavit considered met only the minimal requirement.

In Yantis v. State, supra, the recitation of the affidavit held to be sufficient was:

"Though the informant has not given information in the past, the credibility and reliability has been established by his excellent reputation in the neighborhood in which he resides, the lack of a criminal record and his continuous gainful employment."

In Adair v. State, supra, the affidavit alleged that:

"[A]lthough the informant has not given information in the past, their [sic] reliability, and credibility has been established by the fact of their [sic] lack of criminal record, the reputation in the neighborhood, and are [sic] well thought of by their [sic] fellow associates."

In Wetherby v. State, supra, the statement was:

"[A]lthough I do not desire to name my informant and he has not given information in the past, his reliability and creditability [sic] have been established by the fact that he is gainfully employed and is well thought of by the people in the community in which he lives. Further, he has no criminal record with this department or with the Department of Public Safety. Members of this detail have maintained surveillance at above location and have seen numerous hippy type subjects go to front door, enter and stay from 3 to 5 minutes and leave."

In Cook v. State, supra, the relevant portion of the affidavit read:

"My source does not have a criminal record and is highly thought of by those associates contacted. My source is gainfully employed in a lawful law-abiding occupation and for these reasons 1 do not desire to name my source. My source has not given information in the past, however my source has passed all requirements of reliability in this officer's estimation."

Our decision here that the second requirement of Aguilar has not been met is in accord with our holding in Kemp v. State, 464 S.W.2d 141 (Tex.Cr.App.1971).

An affidavit based upon hearsay information which must meet the requirement of Aguilar concerning the credibility of the informer and the reliability of his information is not sufficient if it only shows the informer's lack of a criminal record at the local police department.

The judgments are reversed and the causes remanded.

Opinion approved by the Court.