Opinion filed March 29, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00040-CR

                                                    __________

 

                               WILLIAM HEATH OLIVER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor County,
Texas

                                                 Trial
Court Cause No. 15,078-B

 



 

                                                                   O
P I N I O N

The trial court convicted William Heath Oliver,
upon his plea of guilty, of the second degree felony offense of possession of
methamphetamine with intent to deliver. 
The trial court assessed punishment at five years confinement.  Appellant waived his right to appeal as to
the guilt/innocence phase of the trial, except for matters raised in pretrial
motions.  The trial court certified that
this was not a plea-bargain case and that appellant had the right to appeal.  See Tex.
R. App. P. 25.2(a)(2).  Appellant
is appealing the trial court=s
denial of his motion to suppress.  We
affirm.

                                                               Background
Facts








Abilene Police Officer Jimmy Seals signed and
submitted the search warrant affidavit on December 12, 2003.  In his affidavit, Officer Seals named
appellant as the suspected party and stated that, on or about December 12,
2003, appellant Adid then
and there unlawfully possess and does at this time unlawfully possess@ methamphetamine in a residence and its
curtilage.  Officer Seals also provided
the address of the residence, described the residence in detail, and identified
the residence and its curtilage as the suspected place.  Officer Seals further stated that appellant
possessed and occupied the suspected place and that the suspected place was
under the control and charge of appellant. 
The affidavit continued as follows:

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON
THE FOLLOWING FACTS:

 

That just prior to making this application for
this search warrant your affiant has received information from a confidential
informant whose identity must remain a secret for security reasons.  Your affiant knows this same confidential
informant to be credible, reliable, and trustworthy and this belief is based on
the following set out facts:

 

I have known this same confidential informant for
a period of four months.

 

That this same confidential informant is employed
in a lawful occupation within the community.

 

That this same confidential informant has never
been convicted of a Felony offense in the state of Texas or any other state to the best of your
affiant=s
knowledge.

 

That this same confidential informant is supplying
information to your affiant on a voluntary basis, and no deals or promises of
any kind have been made to the informant by your affiant.

 

That within the past 48 hours this same
confidential informant has been inside the above described suspected place and
observed [appellant], white male, date of birth 11-16-66 in possession of a
white powder substance which [appellant] purported to be methamphetamine.

 

That this same confidential informant believes
this same white powder substance to be methamphetamine.

  

Wherefore, I ask that a warrant to search for and
seize the said controlled substance at the above-described premises be issued
in accordance with the law in such cases provided.

 








On
December 12, 2003, the magistrate issued a search warrant based on Officer
Seals=s affidavit.  Law enforcement personnel executed the search
warrant and seized methamphetamine during the search.  Appellant filed a motion to suppress the
evidence seized during the search.  After
a hearing, the trial court denied appellant=s
motion to suppress.  The trial court made
the following findings in its order denying the motion to suppress:

1.  That the officer=s affidavit submitted in support of the
warrant provided the magistrate with a substantial basis for concluding that
probable cause existed for the issuance of a warrant;

 

2.  That the affidavit also provided the
magistrate with a substantial basis for concluding that a search would uncover
evidence of wrongdoing; [and]

 

3.  That the motion to suppress should be denied.

           


Issue
Presented

In a
sole appellate issue, appellant contends that the trial court erred in denying
his motion to suppress because the search warrant affidavit did not establish
probable cause for the issuance of the search warrant.

                                        Probable
Cause for Issuance of Search Warrant

A search
warrant must be based on probable cause. 
U.S. Const. amend IV.  An affidavit is sufficient to establish
probable cause if, from the totality of the circumstances reflected in the
affidavit, the magistrate was provided with a substantial basis for concluding
that probable cause existed.  Illinois v. Gates, 462 U.S. 213,
238-39 (1983).  Probable cause to support
the issuance of a search warrant exists where the facts contained within the
four corners of the search warrant affidavit and the reasonable inferences
drawn therefrom justify the magistrate=s conclusion that the object of the search
is probably on the premises to be searched at the time the warrant is
issued.  Davis
v. State, 202 S.W.3d 149, 154 (Tex. Crim.
App. 2006); Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App.
1986); State v. Walker, 140 S.W.3d 761,
770-71 (Tex.
App.CHouston [14th Dist.] 2004, no pet.).  No magical formula exists for stating such information.  Frazier v. State, 480 S.W.2d 375, 379
(Tex. Crim. App. 1972).  A search warrant
affidavit must be read in a common sense and realistic manner, and reasonable
inferences may be drawn from the facts and circumstances contained within the
four corners of the affidavit.  Davis, 202 S.W.3d
at 154; Cassias, 719 S.W.2d at 587-88.








Where,
as in this case, a police officer=s search warrant affidavit is based on
information received from a confidential informant, the informant=s veracity or reliability and his basis of
knowledge are highly relevant factors in determining, by the totality of the
circumstances, whether probable cause exists. 
Gates, 462 U.S.
at 230, 233; Hennessy v. State, 660 S.W.2d 87, 89 (Tex. Crim. App.
[Panel Op.] 1983).  These factors are not
independent requirements for a finding of probable cause.  Rather Athey should be understood simply as closely
intertwined issues that may usefully illuminate the commonsense, practical
question whether there is >probable cause= to believe that contraband or evidence is
located in a particular place.@  Gates,
462 U.S.
at 230.  A deficiency in the affidavit in
one of these factors may be compensated for, in determining the overall
reliability of a tip, by a strong showing as to the other or by some other
indicia of reliability.  Gates,
462 U.S.
at 233; Hennessy, 660 S.W.2d at 89. 
The task of a magistrate in determining whether to issue a search
warrant is to make a practical, common sense decision whether, given all the
circumstances set forth in the affidavit, including the veracity and basis of
knowledge of persons supplying hearsay information, there is a fair probability
that contraband or evidence of a crime will be found in a particular place.  Gates, 462 U.S. at 238.

                                                              Standard
of Review

A
magistrate=s decision to issue a search warrant is
subject to the deferential standard of review articulated in Gates and Johnson
v. State, 803 S.W.2d 272 (Tex. Crim. App. 1990).  See Swearingen v. State, 143 S.W.3d
808 (Tex.
Crim. App. 2004).  A reviewing court must
give deference to the trial court=s determination of probable cause and
affirm that decision Aso long as the magistrate had a substantial
basis for concluding that a search would uncover evidence of wrongdoing.@  Id. at 810 (citing Gates, 462 U.S. at
234-37).  In evaluating whether probable
cause existed for the issuance of a search warrant, appellate courts must
assess the totality of the circumstances presented within the four corners of
the affidavit.  Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Elmore v. State, 116 S.W.3d
809, 812 (Tex. App.CFort Worth 2003, pet. ref=d).

                                                                        Analysis








Appellant
contends that the factual assertions contained in Officer Seals=s affidavit were insufficient to establish
the confidential informant=s reliability and the basis of the
confidential informant=s knowledge.  Therefore, appellant argues that the factual
assertions contained in the search warrant affidavit did not support a finding
of probable cause.  Applying the above standard
of review, we look to the totality of the circumstances presented within the
four corners of Officer Seals=s affidavit in determining whether probable
cause existed for the issuance of the search warrant.

Officer
Seals did not indicate in the affidavit that the confidential informant had
provided him with reliable information in the past.  Accordingly, it appears that Officer Seals
was dealing with a first-time confidential informant.  A number of factors are relevant to a
first-time informant=s reliability and credibility, including
the presence or absence of a criminal record, employment history, and
reputation in the community.  See Abercrombie
v. State, 528 S.W.2d 578, 583-84 (Tex. Crim. App. 1974); Caldarera v.
State, 504 S.W.2d 914, 916 (Tex. Crim. App. 1974); Bellah v. State,
641 S.W.2d 641, 643 (Tex. App.CEl Paso 1982), aff=d, 653 S.W.2d 795 (Tex. Crim. App. 1983). Thus, an affiant may establish
the reliability of a first-time informant by demonstrating the absence of a
criminal record on the part of the informant, the informant=s employment, and the informant=s reputation in the community.  See Caldarera, 504 S.W.2d at 916.  An affiant may not establish the reliability
of a first-time informant with a mere conclusory statement that the informant
is a Areliable and credible@ person. 
Abercrombie, 528 S.W.2d at 583-84; Barraza v. State, 900
S.W.2d 840, 842 (Tex. App.CCorpus Christi 1995, no pet.).

In his
affidavit, Officer Seals provided specific details to support his belief that
the confidential informant was credible, reliable, and trustworthy.  Officer Seals stated that he had known the
informant for four months.  He also
stated that the informant was gainfully employed in a lawful occupation within
the community.  Officer Seals further
stated that, to his knowledge, the informant had never been convicted of a
felony in Texas
or any other state.  He also stated that
the informant was supplying information to him on a voluntary basis and that he
had not made any deals or promises of any kind to the informant.  Although Officer Seals did not specifically
refer to the informant=s reputation in the community in the
affidavit, the specific details set forth in the affidavit were sufficient to
establish the informant=s reliability.

Officer
Seals stated facts in the affidavit explaining the basis of the informant=s knowledge.  Officer Seals stated that he had received the
following information from the informant: (1) that the informant had been
inside appellant=s residence within the past forty-eight
hours; (2) that, while in the residence, the informant had observed appellant
in possession of a white powder substance; and (3) that appellant had purported
the white substance to be methamphetamine.








            In
Winkles v. State, 634 S.W.2d 289 (Tex. Crim. App. 1981), a police
officer submitted a search warrant affidavit based on information received from
a confidential informant.  The police
officer stated in the affidavit that the informant had observed a white powder
substance in the suspected place and that the suspected party had claimed the
substance to be Aspeed.@  Winkles,
634 S.W.2d at 292.  The police officer
also stated that Aspeed@ was a common street word for
methamphetamine.  Id.  In an original opinion in Winkles,
the Court of Criminal Appeals held that the affidavit was insufficient to
establish probable cause because, among other things, the affidavit did not
show that the informant had personal knowledge that the substance he had
observed was methamphetamine.  Id. at 293.  The dissent argued that the factual
assertions in the affidavit B that the informant had observed the substance
and that the suspected party had claimed the substance was Aspeed@ B were sufficient to support the issuance of
a search warrant.  Id. at 298.  Thus, the dissent stated that Athe facts submitted to the magistrate were
sufficient to justify a conclusion that methamphetamine was probably on the
premises at the time the warrant was issued.@  Id.
at 297.  On the State=s motion for rehearing in Winkles,
the Court of Criminal Appeals held that the search warrant affidavit was
sufficient to support the issuance of the search warrant for the reasons stated
in the dissenting opinion on original submission.  Id.
at 299.

The
factual assertions in the affidavit in this cause are similar to the factual
assertions in the affidavit in Winkles. 
Officer Seals=s affidavit established that the informant
observed the substance and that appellant purported the substance to be
methamphetamine.  Like the informant in Winkles,
the informant in this cause saw the substance and received information from
appellant that the substance was methamphetamine.  These facts B
the informant=s personal observation of the substance
coupled with appellant purporting the substance to be methamphetamine B make a strong showing on the
basis-of-knowledge factor.  Officer Seals=s affidavit was sufficient to establish the
informant=s basis of knowledge of the
methamphetamine.

Appellant
cites State v. Davila, 169 S.W.3d 735 (Tex. App.CAustin 2005, no pet.); Davis v. State,
144 S.W.3d 192 (Tex. App.CFort Worth 2004, pet. ref=d); and Lowery v. State, 843 S.W.2d
136 (Tex. App.CDallas 1992, pet. ref=d), in support of the contention that
Officer Seals=s affidavit was insufficient to establish
probable cause for the issuance of a search warrant.  As shown below, these cases are
distinguishable from the present case.   









In Davila,
the search warrant affidavit stated that the affiant had received information
from a confidential informant regarding cocaine and marihuana being possessed
at a residence.  Davila, 169
S.W.3d at 738.  The affidavit also stated
that A[t]he aforementioned [informant] has
provided information regarding narcotics trafficking and transactions to your
Affiant in the past.@  Id.  The affidavit did not provide any other
details about the informant.  In Davila,
the affiant attempted to establish the reliability of the informant by stating
that the informant had provided narcotics information to him in the past.  However, the affiant did not state any facts
demonstrating the accuracy of the prior information.  For example, the affiant did not state that
the past information had led to the seizure of controlled substances.  Id.
at 739.  The Davila court held
that the affidavit was insufficient to establish probable cause because it
failed to show that the informant was credible or that the tip was
reliable.  Id. 
The affidavit in Davila also did not contain any facts describing
the basis of the informant=s knowledge.  The court explained that Athe affidavit did not state whether the
informer had actually seen the alleged contraband or was merely repeating
hearsay information.@  Id.  The affidavit also did not state when the
informant received the information or when the informant provided the tip to
the affiant.  Id.  Unlike the affidavit in Davila,
the affidavit in this cause stated facts demonstrating the reliability of the
informant and the basis of the informant=s knowledge.  The affidavit in this cause stated that the
informant personally observed the substance.








In Davis,
the search warrant affidavit stated that the confidential informant had never
given information to a law enforcement agency before; that the informant had
resided in Tarrant County for over twenty years; that the informant had been
gainfully employed for over ten years; that the informant was familiar with the
packaging and characteristics of marihuana because he had been arrested over
six years ago on a Adrug charge@;
and that the informant had identified two people at a residence who were in
possession of and growing marihuana.  Davis, 144 S.W.3d
at 198.  The affidavit, however, did not
state whether the prior drug charge involved marihuana or some other drug.  Therefore, the statement about the prior drug
charge did not demonstrate that the informant knew what marihuana looked like
or how it was packaged.  Id.   The affiant in Davis failed to state any facts
showing how the informant knew what marihuana looked like.  Therefore, the affidavit failed to provide a
basis for the informant=s knowledge of marihuana.  The
court held that the affidavit was insufficient under the Atotality of the circumstances@ to establish probable cause for the
issuance of a search warrant.  Id. at
200.  In this cause, the affidavit
provided a basis for the informant=s
knowledge of methamphetamine.  The
affidavit indicated that appellant told the informant the substance was
methamphetamine.

In Lowery, the search warrant affidavit
stated that the confidential informant had been inside a residence and had been
told that amphetamines were there.  Lowery,
843 S.W.2d at 139.  The affidavit did not
state that the informant had observed the amphetamines.  Thus, the affidavit did not demonstrate that
the informant had personal knowledge that amphetamines were present in the
residence.  Id. at 140.  The court held that the affidavit failed to
establish probable cause for the issuance of a search warrant.  Id.
at 142-43.  Unlike the affidavit in Lowery,
the affidavit in this cause demonstrated that the confidential informant
personally observed the methamphetamine. 
Therefore, the affidavit established that the informant had personal
knowledge of the methamphetamine.

Viewing the totality of the circumstances
reflected in Officer Seals=s
affidavit, we conclude that the affidavit contained sufficient facts and
circumstances to provide the magistrate with a substantial basis for concluding
there was a fair probability that a search would uncover evidence of
wrongdoing.  See Gates, 462 U.S. at
236.  Therefore, probable cause existed
to issue the search warrant.  The trial
court did not err in denying appellant=s
motion to suppress evidence.  We overrule
appellant=s issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

 

                                                TERRY McCALL

JUSTICE

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.