Opinion filed September 13, 2007



















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00218-CR 

                                                    __________

 

                                 ERIC RAYNALL BROWN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 15,873-B

 



 

                                                                   O
P I N I O N

 

The jury convicted Eric Raynall Brown of
possession of cocaine with the intent to deliver and assessed his punishment at
twenty years confinement in the Texas Department of Criminal Justice,
Institutional Division.  We affirm.

                                                             I.  Background Facts








Abilene police
officers executed a search warrant for a residence in Abilene, Texas.  Eric Raynall Brown was the only person
present and was in the front room of the house. 
The police officers found marihuana and traces of cocaine in the front
room.  They strip-searched Brown and found
2.5 grams of crack cocaine hidden in his underwear.  They searched the remainder of the house and
found 48.84 grams of crack cocaine and 37.39 grams of cocaine powder in a
vacuum cleaner that was in a closet in a back room.  Brown was indicted for two counts of
possession with intent to deliver and two counts of simple possession.  The jury found Brown guilty of possession of
four grams or more, but less than 200 grams, of cocaine with the intent to
deliver and assessed Brown=s
punishment at twenty years confinement.

                                                                       II.  Issues

Brown challenges his conviction with three
issues.  Brown argues that the magistrate
erred by issuing a search warrant because the supporting affidavit was
insufficient, that the evidence is legally and factually insufficient to
support the jury=s
verdict, and that the trial court erred by not sua sponte providing the jury
with a reasonable doubt instruction when the State offered evidence of an
extraneous offense during the guilt/innocence phase of his trial.

                                                                     III.
Analysis

A.  Was
the Search Warrant Issued Upon Sufficient Basis?

Brown argues that the magistrate erred by issuing
a search warrant because the supporting affidavit did not provide a substantial
basis for concluding that a search would uncover evidence of wrongdoing and
that, because the search warrant was improperly issued, the trial court erred
when it denied his motion to suppress.

1. 
Standard of Review.

A magistrate=s
decision to issue a search warrant is subject to a deferential review, Swearingen
v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004), and must be affirmed
so long as the magistrate had a substantial basis for concluding that a search
would uncover evidence of wrongdoing.  State
v. Bradley, 966 S.W.2d 871, 873 (Tex. App.CAustin
1998, no pet.).  Judicial review must
take into account that many warrants are issued on the basis of nontechnical,
common-sense judgments of laymen applying a standard less demanding than that
used in formal legal proceedings.  Illinois v. Gates, 462 U.S. 213,
235-36 (1983).








Probable cause to support the issuance of a search
warrant exists when the facts submitted to the magistrate are sufficient to
justify a conclusion that the object of the search is probably on the premises
at the time the warrant is issued.  Cassias
v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986).  When the sufficiency of a search warrant
affidavit to show probable cause is challenged, we are limited to the Afour corners@
of the affidavit.  See Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996). 
Reasonable inferences may be drawn from the affidavit, and the affidavit
must be interpreted in a realistic manner. 
Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987).

2. 
The Search Warrant Affidavit.

Officer Tommy Pope executed an affidavit in which
he swore that Brown possessed cocaine in a specified residence in Abilene.  Officer Pope stated that his belief was based
upon the following:

That just prior to making this application for
this search warrant your affiant has received information from a confidential
informant whose identity must remain a secret for security reasons.  Your affiant knows this same confidential
informant to be credible, reliable, and trustworthy and this belief is based on
the following set out facts:

 

That this same confidential informant has provided
information to your affiant in the past that has led to the arrest of at least
5 drug offenders.

 

That this same confidential informant is employed
in a lawful occupation within the community.

 

That this same confidential informant has
voluntarily admitted the informant=s
own prior abuse of drugs to your affiant, however, this informant no longer
condones the abuse of drugs.

 

That this same confidential informant is supplying
information to your affiant on a voluntary basis, and no deals or promises of
any kind have been made to the informant by your affiant.  

 

Although your Affiant has known this confidential
informant for a period of less than 2 years, this same confidential informant
has supplied your Affiant with information in reference to criminal activity
that has always proven true and correct.

 

That within the past 48 hours this same
confidential informant has been inside the above described suspected place and
observed the suspected party, Eric Raynall Brown in possession of a quantity of
off-white rock-like substance that the Asuspected
Party@
purported to be crack cocaine.

 

That this same confidential informant believes the
same off-white rock-like substance to be crack cocaine.

 

 








 

3.  Reliance on a Confidential Informant.

Officer Pope=s
affidavit was not based upon personal knowledge but upon statements made to him
by a confidential informant.  This does
not foreclose a finding of probable cause. 
An affidavit may be based on hearsay information so long as the
magistrate is informed of some of the underlying circumstances from which the
informant concluded that the narcotics were where he claimed they were and some
of the underlying circumstances from which the officer concluded that the
informant was credible or his information reliable.  Aguilar v. State, 378 U.S. 108, 114
(1964); see also Gates, 462 U.S. at 241-42 (affidavit is not
insufficient merely because it relies on hearsay Aso
long as a substantial basis for crediting the hearsay is presented@ (quoting Jones v. United States,
362 U.S. 257, 269 (1960))).

Brown argues that Officer Pope=s affidavit was insufficient because it
did not provide sufficient information to evaluate the basis of the
confidential informant=s
knowledge or the veracity of his information. 
We disagree.  The magistrate knew
that the informant=s
knowledge was based upon:

$          having
been in the residence within the last 48 hours;

$          having seen Brown in the residence and
in possession of an off-white rock-like substance; and

 

$          having heard Brown claim that this
substance was crack cocaine.

 

The affidavit did not explain the informant=s familiarity with crack cocaine, but
the Texas Court of Criminal Appeals has held that an informant=s statement that he saw a white powder
substance that the accused claimed was speed was sufficient to support a
conclusion that speed was probably present. 
Winkles v. State, 634 S.W.2d 289, 299 (Tex. Crim. App.
1981).  Consequently, the confidential
informant=s
statement that he saw an off-white rock-like substance in Brown=s possession that Brown claimed to be
crack cocaine is sufficient basis to justify a search warrant.

The magistrate knew that the
informant=s
veracity or reliability was based upon:

$          having
provided information that led to the arrest of at least five drug offenders;

$          being
lawfully employed;

$          providing
the information voluntarily and without any promise or deal; and








$          having
always provided true and correct information.

Evidence that the informant had previously provided reliable
information is sufficient to establish the informant=s
veracity.  See Avery v. State, 545
S.W.2d 803, 804 (Tex. Crim. App. 1977). 
So too is evidence that the informant=s
information had previously led to the arrest of several other individuals.  Blake v. State, 125 S.W.3d 717, 726 (Tex. App.CHouston [1st Dist.] 2003, no pet.).

Brown relies on State v. Davila, 169 S.W.3d
735 (Tex. App.CAustin
2005, no pet.); Davis v. State, 144 S.W.3d 192 (Tex. App.CFort Worth 2004, pet. ref=d); and Caldarera v. State, 504
S.W.2d 914 (Tex. Crim. App. 1974), in support of his contention that Officer
Pope=s
affidavit was insufficient to establish probable cause.  These cases are distinguishable.

In Davila, the search warrant affidavit
stated that the affiant had received information from a confidential informant
regarding cocaine and marihuana being possessed at a residence.  Davila, 169 S.W.3d at 738.  The affidavit also stated that A[t]he aforementioned [informant] has
provided information regarding narcotics trafficking and transactions to your
Affiant in the past.@  Id.
The affidavit did not provide any other details about the informant.  The affidavit did not state any facts
demonstrating the accuracy of the prior information or indicating whether the
informant had seen the alleged contraband. 
Officer Pope=s
affidavit stated that the informant=s
information had always been accurate, that it had led to at least five arrests,
and that the informant had personally seen an off-white rock-like substance in
Brown=s
possession.

In Davis,
the search warrant affidavit stated that the confidential informant had never
given information to a law enforcement agency before and that the informant was
familiar with the packaging and characteristics of marihuana because he had
been arrested over six years ago on a drug charge.  The affidavit did not state whether the drug
charge involved marihuana or some other drug and provided no information that
the informant knew what marihuana looked like or how it was packaged.  Davis,
144 S.W.3d at 198.  Officer Pope
testified that the informant had provided reliable information in other drug
cases, that the informant described the substance he observed in Brown=s possession, and that the informant stated
that Brown described it as crack cocaine.








In Caldarera, the search warrant affidavit
was based upon information from a first-time informant.  504 S.W.2d at 915.  The only indica of reliability was a
statement that the informant did not have a record with the Austin Police
Department.  The court held that this
alone was insufficient.  Id. at 916.  Officer Pope=s
informant was not a first-time informant and had always provided accurate
information in the past.

Finally, Brown argues that, because the police did
not corroborate the informant=s
information and because there was no indication that the five arrests the
informant helped procure resulted in convictions or drug seizures, the
magistrate lacked sufficient basis to find probable cause.  The Supreme Court has indicated that our
review should not be hypertechnical.  Gates,
462 U.S.
at 230.  Certainly, corroboration and
successful prosecutions are relevant factors, but to agree with Brown would
essentially mandate that they be present in each case.[1]  We believe such a requirement is inconsistent
with the analysis in Gates.

Viewing the totality of the circumstances
reflected in Officer Pope=s
affidavit, we conclude that the affidavit contained sufficient facts and
circumstances to provide the magistrate with a substantial basis for concluding
there was a fair probability that a search would uncover evidence of
wrongdoing.  Therefore, probable cause
existed to issue the search warrant, and the trial court did not err in denying
Brown=s motion
to suppress evidence.  Issue one is
overruled.

B.  Was
the Evidence of Possession With the Intent to Deliver Sufficient?








Brown challenges the legal and factual sufficiency
of the evidence to support his conviction for possession with the intent to
deliver.  To determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006); Johnson
v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000).  Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15.  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art.
38.04 (Vernon
1979).

1. 
Possession.

To establish possession, the State must prove that
Brown exercised control, management, or care over the cocaine and that he knew
it was contraband.  Evans v. State,
202 S.W.3d 158, 161 (Tex.
Crim. App. 2006).  The State must also
establish that Brown=s
connection with the cocaine was more than fortuitous.  Texas
courts utilize an affirmative links rule that is designed to protect innocent
bystanders from conviction merely because of their proximity to someone else=s drugs.  Id.
at 161-62.  Mere presence at the location
where drugs are found is insufficient, by itself, to establish actual care,
custody, or control.  However, presence
or proximity, when combined with other evidence, direct or circumstantial, may
be sufficient.  Id.

Some of the affirmative links that may establish
possession include: (1) the defendant=s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) the defendant=s
proximity to and the accessibility of the narcotic; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the
defendant made incriminating statements when arrested; (7) whether the defendant
attempted to flee; (8) whether the defendant made furtive gestures; (9) whether
there was an odor of contraband; (10) whether other contraband or drug
paraphernalia were present; (11) whether the defendant owned or had the right
to possess the place where the drugs were found; (12) whether the place where
the drugs were found was enclosed; (13) whether the defendant was found with a
large amount of cash; and (14) whether the conduct of the defendant indicated a
consciousness of guilt.  Olivarez v.
State, 171 S.W.3d 283, 291 (Tex.
App.CHouston
[14th Dist.] 2005, no pet.).  It is not
the number of links that is dispositive but, rather, the logical force of all
of the evidence, direct and circumstantial. 
Evans, 202 S.W.3d at 162.








When the police executed the search warrant, Brown
was in the living room and was the only person in the house.  He did not rent or own the house and had no
personal effects in it.  The police found
2.5 grams of cocaine hidden in a baggie in Brown=s
underwear.  The police also found digital
scales; a military flak jacket; a freshly smoked cigar butt containing
marihuana; a usable quantity of marihuana on an entertainment center shelf; an
off-white substance on a ceramic plate under a living room chair, in the living
room carpet, and on a kitchen counter; powder and crack cocaine in the zippered
bag of a vacuum cleaner; and an opened box of plastic sandwich bags in the
kitchen.  Except for the residual cocaine
particles, the cocaine was contained in sandwich bags like those from this box.

A DPS forensic scientist, William T. Todsen,
examined the substances seized by the police. 
Todsen testified that the vacuum cleaner contained 48.84 grams of cocaine
base (crack cocaine) and 37.39 grams of cocaine salt (cocaine powder) and that
the baggie found in Brown=s
underwear contained 2.5 grams of crack cocaine. 
Officer Pope testified that the crack cocaine found in the vacuum
cleaner bag was similar in texture, firmness, and quality as the crack cocaine
on Brown. Todsen testified that the crack cocaine found on Brown and in the
vacuum cleaner bag were qualitatively similar. 
The crack cocaine in the vacuum cleaner was 68% pure, and the crack
cocaine on Brown was 70% pure.  This
difference was well within the measuring equipment=s
margin of error.








Brown primarily directs our attention to the fact
that he was arrested in the front room of the house but that the majority of
the cocaine was found in a vacuum cleaner in a closet in the back of the
house.  Brown argues that this cocaine
was not in close proximity or accessible to him and that none of the drug
paraphernalia was found on his person or with his belongings.  These factors are clearly relevant but are
insufficient to overcome a jury=s
verdict.  When the evidence is reviewed
in the light most favorable to the jury=s
verdict, it is legally sufficient because there was evidence of a number of
affirmative links.  Brown was the only
person present in the house when the search warrant was executed.  The police found crack cocaine hidden on
Brown that was similar in composition and appearance to the crack cocaine in
the vacuum cleaner bag.  While the vacuum
cleaner was in a separate room, the house was not large.  Lieutenant Shane Burks testified that the
house was approximately 1,000 square feet. 
Although the record does not indicate the precise distance between the
front room and the back room, it is apparent that this distance was not
great.  Furthermore, the police also
found drug residue and drug paraphernalia B
much of it open and obvious B
in several places throughout the house. 
This evidence is sufficient to permit a reasonable juror to determine
beyond a reasonable doubt that Brown possessed all of the cocaine found in the
house.

When the evidence is viewed in a neutral light, it
is also factually sufficient.  Brown
correctly notes that he was not in physical possession of the cocaine found in
the vacuum cleaner and that there was no evidence of some of the affirmative
links listed in Olivarez, 171 S.W.3d at 291.  There is no set formula for the number of
links that must be shown.  There was
evidence of several affirmative links. 
This evidence is not so weak as to indicate that the jury=s verdict is clearly wrong or
manifestly unjust or that the verdict is against the great weight and
preponderance of the conflicting evidence.

2. 
Intent to Deliver.

Intent to deliver can be proven by circumstantial
evidence, Rhodes v. State, 913 S.W.2d 242, 251 (Tex. App.CFort Worth 1995), aff=d, 945 S.W.2d 115 (Tex. Crim. App.
1997), and by expert testimony.  Bryant
v. State, 997 S.W.2d 673, 675 (Tex. App.CTexarkana
1999, no pet.).  Courts have considered
several factors in determining intent, including: (1) the nature of the
location where the defendant was arrested, (2) the quantity of drugs the
defendant possessed, (3) the manner of packaging of the drugs, (4) the presence
or absence of drug paraphernalia for use or sale, (5) whether the defendant
possessed a large amount of cash in addition to the drugs, and (6) the
defendant=s status
as a drug user.  Jordan v. State, 139 S.W.3d 723,
726 (Tex.
App.CFort
Worth 2004, no pet.).








In Jordan,
the defendant was arrested with a baggie containing 1.65 grams of cocaine
powder, 1.94 grams of heroin, and .45 grams of crack cocaine.  Id.
at 725.  The defendant was convicted of
intent to deliver largely on the testimony of police officers who told the jury
that he was arrested in a high crime area where drug houses were typically
located, that he was carrying more drugs than a typical user would possess, and
that his drugs were packaged in capsule form and in individual bags that
indicated an intent to sell.  Id. at
725-26.  The court affirmed that
conviction.     There was similar testimony in this case.  Lieutenant Burks and Officer Pope both
testified that, in their experience, a user would possess one gram or less of
cocaine, and Officer Pope testified that the 2.5 grams found on Brown alone
indicated an intent to deliver.  There
was also evidence of marketing.  The
police found digital scales and an opened box of plastic sandwich bags in the
house.  The cocaine found on Brown and
the cocaine found in the vacuum cleaner were in bags just like those from the
box.  Brown testified that he had been in
Abilene for
several weeks but did not have a stable job. 
Despite this, Brown had $93 in cash on him when he was arrested.

In Jordan,
one justice dissented and argued that the evidence was not inconsistent with
simple possession.  The dissenting justice
pointed to the fact that the defendant could have acquired his drugs by
spending his entire paycheck.  The
dissenting justice also noted that there was no evidence that the defendant was
carrying any empty baggies or capsules, that he did not exhibit any intent to
deliver, and that the evidence did not distinguish between the drugs he
possessed for his own use as opposed to those he held for delivery.  Id.
at 727-30.  In this case, the police did
find empty baggies, Brown was unemployed, and there was evidence that Brown did
not use crack cocaine.  Officer Pope
testified that the only way to ingest crack cocaine is to smoke it.  He testified that in his opinion Brown was
selling crack cocaine because he did not have anything in his possession or in
the house with which to smoke crack cocaine and he did not have any calluses on
his hands from using a crack pipe. 
Conversely, there was evidence B
in the form of a smoking blunt B
that Brown was using marihuana just before the police arrived.

This evidence is both legally and factually
sufficient to support the jury=s
verdict that Brown possessed the cocaine with the intent to deliver.  Issue two is overruled.

C.  Did the Trial Court
Err by Not Sua Sponte Providing a Reasonable Doubt Instruction When Evidence of
Extrinsic Acts Was Offered During the Guilt/Innocence Phase of the Trial?

 








Brown argues that, when the State introduced
evidence during the guilt/innocence phase of his trial that he possessed or
used marihuana, this was evidence of an extraneous offense and that the trial
court was required to sua sponte provide the jury with a reasonable doubt
instruction.  It is well settled that, if
extraneous offense evidence is introduced during the guilt/innocence phase of
trial and if a defendant requests a reasonable doubt instruction, the trial
court must provide one.  See Ex parte
Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001).  It is equally well settled that, if
extraneous evidence is offered during the trial=s
punishment phase, the trial court must sua sponte provide a reasonable doubt
instruction.  See Huizar v. State,
12 S.W.3d 479, 484-85 (Tex.
Crim. App. 2000).  Several intermediate
courts have considered the trial court=s
obligation when extraneous offense evidence is offered during the
guilt/innocence phase of trial but the defendant does not request an
instruction, and these courts have reached conflicting results.[2]  The Texas Court of Criminal Appeals has not
yet addressed this issue.

The State argues that we need not add our voice to
this discussion because the marihuana evidence was same transaction contextual
evidence and, therefore, that no reasonable doubt instruction was
required.  Same transaction contextual
evidence is background evidence admitted to show the context in which the
criminal act occurred.  It is deemed
admissible where several crimes are intermixed or blended with one another or
connected so that they form an indivisible criminal transaction and where full
proof by testimony, whether direct or circumstantial, of any one of them cannot
be given without showing the others.  Mayes
v. State, 816 S.W.2d 79, 86 n.4 (Tex. Crim. App. 1991).

Necessity is a key element when determining
whether same transaction contextual evidence is admissible.  See Rogers v. State, 853 S.W.2d 29, 33
(Tex. Crim. App. 1993) (only if the facts and circumstances of the instant
offense would make little or no sense without also bringing in the same
transaction contextual evidence should the same transaction contextual evidence
be admitted).  It is not readily apparent
why evidence that marihuana was in the house was necessary to the State=s case for possession of cocaine with
the intent to deliver.[3]  We need not, however, resolve that question
because the same transaction contextual evidence rule determines whether
extraneous evidence is admissible.  It
does not speak to the trial court=s
duty once the evidence is admitted.  








We believe the analysis offered by the Austin Court in Wright,
212 S.W.3d 768, is compelling.  The court
noted that the Huizar-required reasonable doubt instruction is based
upon Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)
(Vernon 2006), which is statutorily prescribed law applicable to the case at
the penalty stage of trial.  Id. at 779
(citing Huizar, 12 S.W.3d at 483). The court further noted that the
statute=s
language is specifically restricted to the punishment phase of the trial and
that the required instruction would make no sense prior to a defendant=s conviction.  The court concluded, therefore, that Huizar
did not apply to the guilt/innocence phase of the trial.  Id.  We agree. 
Consequently, we find that the trial court was not obligated to sua
sponte provide a reasonable doubt instruction during the guilt/innocence phase
of the trial and overrule Brown=s
third issue.

                                 IV. Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 13, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Brown contends that Elardo v. State, 163 S.W.3d
760 (Tex. App.CTexarkana 2005, pet. ref=d); Eatmon
v. State, 738 S.W.2d 723 (Tex. App.CHouston
[14th Dist.] 1987, pet. ref=d); and Cassias v. State, 719 S.W.2d 585 (Tex.
Crim. App. 1986), stand for the proposition that the informant=s information must be corroborated by independent
police work.  We do not read those cases
to so hold.  Corroboration B by any means B is
relevant to an informant=s veracity and may allow a magistrate to reach a
conclusion it would not otherwise make, but we do not read any of these
decisions to hold that corroboration by independent police work is always
required.





[2]Compare Rodgers v. State, 180 S.W.3d 716, 723-24 (Tex. App.CWaco
2005, no pet.) (Huizar applies to guilt/innocence phase of trial);
Chapa v. State, No. 04-02-00346-CR, 2003 WL 1025148, at *1-2 (Tex. App.CSan Antonio March 12, 2003, pet. ref=d) (not designated for publication) (assumes Huizar
applies to guilt/innocence phase but did not find requisite harm); Arnold v.
State, No. 05-01-01733-CR, 2002 WL 31569537, at *1 (Tex. App.CDallas Nov. 20, 2002, no pet.) (not designated for publication)
(in response to Anders brief noted that whether Huizar applies to the
guilt/innocence phase was an arguable issue); with Wright v. State, 212
S.W.3d 768, 778-79 (Tex. App.CAustin 2006, pet. ref=d) (Huizar
does not apply to the guilt/innocence phase of trial);  Allen v. State, 180 S.W.3d 260, 266 (Tex.
App.CFort Worth 2005, no pet.) (same); Rodriguez v.
State, 137 S.W.3d 228, 231 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (same); Gilbert v. State, No. 14-02-00727-CR,
2003 WL 22176625, at *4 (Tex. App.CHouston
[14th Dist.] Sept. 23, 2003, no pet.) (not designated for publication) (same); Salazar
v. State, No. 07-01-00389-CR, 2002 WL 246642, at *3 (Tex. App.CAmarillo Feb. 21, 2002, pet. ref=d) (not designated for publication) (same).





[3]In Rogers,
the court found that evidence concerning marihuana was not necessary to the
jury=s understanding of the offenses of burglary and
possession of methamphetamine and, therefore, was not admissible as same
transaction contextual evidence.  853
S.W.2d at 34.