TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00251-CR




The State of Texas, Appellant

v.

Gilbert N. Davila, Appellee





FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
NO. 2003-226, HONORABLE JACK H. ROBISON, JUDGE PRESIDING




O P I N I O N
 
Appellee Gilbert N. Davila is under indictment for possessing cocaine. See Tex.
Health & Safety Code Ann. § 481.115 (West 2003). The State appeals an order granting Davila’s
motion to suppress evidence. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004-05). We will affirm the order.
The challenged search was conducted pursuant to a warrant, and the issue presented
is whether the facts submitted to the magistrate in the supporting affidavit were sufficient to justify
a conclusion that the object of the search was probably on the premises at the time the warrant was
issued. See Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); State v. Bradley, 966
S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The sufficiency of the affidavit is determined
by considering the totality of the circumstances set forth within the four corners of the document. 
Illinois v. Gates, 462 U.S. 213, 234 (1983); Bradley, 966 S.W.2d at 873. The issuing magistrate’s
determination of probable cause must be given great deference and will be sustained if the magistrate
had a substantial basis for concluding that a search would uncover evidence of wrongdoing. Gates,
462 U.S. at 236; Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); Bradley, 966
S.W.2d at 873.
The warrant in question was applied for and issued on November 12, 2002. It
authorized the search of the premises located at 710 Sabine Street in Lockhart, the seizure of
marihuana and items related to the drug trade, and the arrest of Davila and Lori Ann Lopez. The
affiant was Lockhart police officer Richard Torres. The first two paragraphs of the probable cause
portion of the affidavit described Torres’s training and experience with respect to unlawful drug
trafficking. The affidavit then stated:
 
Information has been given to your Affiant by a Confidential Informant,
hereafter referred to as CI, for security reasons, regarding cocaine and marijuana
being possessed at 710 Sabine Street in the City of Lockhart, Caldwell County,
Texas. The aforementioned CI has provided information regarding narcotics
trafficking and transactions to your Affiant in the past. Your Affiant also has
knowledge that narcotic transactions occur frequently at this location.
 
On Tuesday November 12, 2002, Officer Greg Slade, Officer Michael Marr
and your Affiant went to 710 Sabine Street in the City of Lockhart, Caldwell County,
Texas in order to retrieve the garbage from the address. Upon arrival your Affiant
observed the two garbage cans at 710 Sabine Street set out by the curb line for pick
up. Your Affiant retrieved the garbage bags that were inside the trash cans at 710
Sabine Street.
 
Upon inspection of the garbage retrieved from the garbage can at 710 Sabine
Street in the City of Lockhart, Caldwell County, Texas your Affiant located (1)
gallon size clear bag with a green leafy substance inside the bag. The green leafy
substance tested positive for marijuana.
 
The following personal papers were located with the clear bag with the
marijuana residue. A booklet from Seton Health to Mr. Gilbert N. Davila at 710
Sabine Street Lockhart Texas 78644, Tracks booklet to Lori Lopez at 710 Sabine
Street Lockhart Texas 78644, Sesame Street Readers Digest to Lori Lopez at 710
Sabine Street Lockhart Texas 78644 and Best Buy Coupon to Gilbert N. Davila at
710 Sabine Street Lockhart Texas 78644.
 
 
The warrant was executed on November 15, 2002. Police found a bag containing a white powder
that tested positive for cocaine, three firearms, and a cooler with marihuana residue.
In his motion to suppress, Davila relied on the opinion of this Court in Serrano v.
State, 123 S.W.3d 53 (Tex. App.—Austin 2003, pet. ref’d). There, we held that the issuance of a
search warrant was not justified by an affidavit describing: (1) an anonymous tip stating that Serrano
was dealing cocaine in Travis County, (2) police records and personal observations establishing a
tenuous connection between Serrano and the suspect premises, and (3) the discovery of a plastic bag
containing cocaine residue in a garbage can outside the suspect premises. Id. at 63.
Officer Torres described receiving a tip from an anonymous informer “regarding
cocaine and marijuana being possessed” at the Sabine Street address. Information received from an
anonymous informer is no longer subject to a rigid two-pronged test for veracity and basis of
knowledge, but it is nevertheless highly relevant in a totality of the circumstances analysis to
consider what an affidavit reveals regarding the credibility of the informer, the reliability of the
particular tip, and the basis of the informer’s knowledge. Gates, 462 U.S. at 230. These issues
“usefully illuminate the commonsense, practical question whether there is ‘probable cause’ to
believe that contraband or evidence is located in a particular place.” Id.
The affidavit in this cause contained no facts from which the magistrate could
conclude that the informer was credible or the tip was reliable. Although Torres said that the
informer had previously given him narcotics trafficking information, he did not say that this
information had led to the seizure of controlled substances or had in some other way been proved
accurate. The State argues that the accuracy of the earlier information could reasonably be inferred
from Torres’s continued reliance on the informer, but we disagree. It is equally reasonable to infer
from the officer’s silence regarding the informer’s prior track record that the record was not a good
one. Torres’s reliance on the informer reflected, at most, the officer’s opinion that the informer was
credible. An officer’s mere assertion that an informer is credible or that a tip is reliable, without
facts to support the assertion, is inadequate. Gates, 462 U.S. at 239.
The affidavit also contained no facts describing the basis for the informer’s purported
knowledge. For example, the affidavit did not state whether the informer had actually seen the
alleged contraband or was merely repeating hearsay information. Moreover, the affidavit did not say
when the informer got the information or when the officer received the tip. Because the affidavit did
not say when the tip was received, there was no point of reference for the informer’s claim that
marihuana was “being possessed” at the suspect address and thus to support an inference that the
information was fresh. See Rosencranz v. United States, 356 F.2d 310, 316 (1st Cir. 1966). An
affidavit that fails to state when the affiant received the information from the informer, when the
informer obtained the information, or when the described conduct took place is insufficient to
support issuance of a search warrant. Serrano, 123 S.W.3d at 61 (citing Schmidt v. State, 659
S.W.2d 420, 421 (Tex. Crim. App. 1983); Peltier v. State, 626 S.W.2d 30, 32 (Tex. Crim. App.
1981); Heredia v. State, 468 S.W.2d 833, 835 (Tex. Crim. App. 1971)); cf. State v. Delagarza, 158
S.W.3d 25, 27 (Tex. App.—Austin 2005, no pet.) (anonymous tip received two weeks before search
described activities at suspect address that affiant recognized, based on training and experience, as
indicative of narcotics trafficking).
Torres’s statement that he “has knowledge that narcotic transactions occur frequently
at this location” added no substance to the affidavit. The statement was both conclusory and vague. 
The officer did not disclose the basis for his asserted knowledge, state exactly where these alleged
transactions took place, or reveal how recent this information might have been. A mere conclusory
statement gives the magistrate virtually no basis for making a judgment regarding probable cause. 
Gates, 462 U.S. at 239.
One pertinent fact recited in the affidavit was the discovery of marihuana residue in
the garbage at the Sabine Street address. But as this Court observed in Serrano, garbage containers
left outside for collection are readily accessible to the public, including neighbors or passers-by with
overflow or undesirable trash and other “unwelcome meddlers.” Id. at 62 (quoting California v.
Greenwood, 486 U.S. 35, 54 (1988) (Brennan, J., dissenting)). We concluded in Serrano that
“[s]tanding alone, the one-time intrusion into a garbage can revealing cocaine residue in one plastic
baggie . . . would not justify a finding of probable cause to search” the premises. Id. at 63. As in
Serrano, the one-time discovery of a single plastic bag containing marihuana residue in the garbage
at 710 Sabine did not establish probable cause to search the house in light of the totality of the other
circumstances. Cf. Delagarza, 158 S.W.3d at 27-28 (affiant conducted four garbage searches at
suspect premises over ten-day period, finding large quantity of drug paraphernalia each time).
The affidavit vaguely stated that mail addressed to 710 Sabine Street was found
“with” the plastic bag containing the marihuana residue. Without more detail, this fact merely
served to confirm that the garbage cans belonged to that address. Neither Davila nor Lopez was
described in the affidavit as being a seller, user, or possessor of marihuana. That they were the
recipients of the mail thus did not contribute to the showing of probable cause to search. Whether
the affidavit stated probable cause to arrest them is a question that is not before us.
To summarize, the magistrate in this cause was asked to issue a search warrant on the
basis of: (1) a conclusory statement by an informer of unknown credibility that drugs were being
possessed at 710 Sabine Street at some unstated time; (2) the affiant’s unsupported assertion that
narcotics transactions occurred frequently at that address; and (3) the one-time discovery of a plastic
bag containing marihuana residue in a garbage can sitting in the street in front of the house. With
all due deference to the probable cause determination, the totality of the facts stated in the affidavit
did not give the magistrate a substantial basis for concluding that a search of the house would
uncover evidence of wrongdoing.
The district court did not err by granting the motion to suppress, and its order is
affirmed.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Justices B. A. Smith, Puryear and Pemberton
Affirmed
Filed: July 13, 2005
Publish