# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00738-CR

**The State of Texas, Appellant**

**v.**

**John Tomack Williams, Appellee**

## NO. 03-05-00739-CR

**The State of Texas, Appellant**

**v.**

**George Louise Williams, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NOS. 04-397 & 04-288, HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The State appeals an order granting the appellees' motions to suppress evidence seized during a search of their residence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2006). The search was conducted pursuant to a warrant, and the issue presented is

whether the supporting affidavit stated probable cause. We conclude that it did, and we reverse the trial court's order.

The sufficiency of a probable cause affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *State v. Davila*, 169 S.W.3d 735, 738 (Tex. App.—Austin 2005, no pet.). The facts submitted to the magistrate in the affidavit must be sufficient to justify a conclusion that the object of the search was probably on the premises at the time the warrant was issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *Davila*, 169 S.W.3d at 738. The issuing magistrate's determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.).

The warrant at issue was signed and executed shortly after midnight on February 25, 2004. The critical paragraph of the probable cause affidavit states:

> On Tuesday, February 24, 2004 at approximately 9:42 P.M., the Caldwell County Sheriff's Office and the Luling Police Department were dispatched to 5401 FM 2984, Luling, Caldwell County, Texas for a major fight/assault in progress involving a number of persons. While inside the residence, Caldwell County Sheriff's Sergeant Larry Stanley while conducting the investigation of the incident observed within plain view a razor blade containing a white residue substance believed to be cocaine in a tray in a bedroom belonging to George Williams. Sergeant Stanley also observed six (6) bottles of Proneth-Codeine without the prescription labels of the bottle in the same room. Sergeant Stanley also observed one small bottle without the prescription label containing several white pills believed to be Altrazolam (Zanex). It is a violation of Texas law to possess the said controlled substances without a prescription label attached to the bottle.

2

This description of Stanley's observations while inside the appellees' residence a few hours before the warrant issued supports the magistrate's finding of probable cause to believe that controlled substances would be on the premises. The trial court said as much at the hearing on the motion to suppress, but it nevertheless granted the motion, reasoning that Stanley's entry into the residence was not justified by the facts stated in the affidavit and was, therefore, presumptively unlawful. The trial court made the following written conclusions of law:

1. The probable cause affidavit fails to establish probable cause because there is no justification for the initial entry of Sergeant Stanley into the residence. Although it recites that he was there "while conducting the investigation of" an incident that is nowhere described in the affidavit, there is no general "investigation exception" to the requirement of a search warrant under the Fourth Amendment to the United States Constitution. *Mincey v. Arizona*, 437 U.S. 496 (1973).

2. Therefore Sergeant Stanley's entrance into the residence was presumptively unreasonable. *Payton v. New York*, 445 U.S. 573 (1980).

3. If the affiant had established that Sergeant Stanley's presence in the residence was justified under the variously named exceptions to the search warrant requirement, such as the "community caretaking" exception, the "exigent circumstances" exception or the "emergency" exception, his observations could be the basis of a search warrant. E.g., *Brimage v. State*, 918 S.W.2d 466 (Tex. Crim. App. 1996).

In other words, the court concluded that the affidavit did not show that Stanley's information was lawfully obtained and, therefore, the information could not be considered in determining whether the affidavit stated probable cause to search. *See Brown v. State*, 605 S.W.2d 572, 577 (Tex. Crim. App. 1980) (holding that unlawfully obtained information may not be used to procure search warrant and must be disregarded in determining sufficiency of affidavit).

3

The State complains that the trial court "overstepped its bounds" by ordering the evidence suppressed on a ground not alleged in the appellees' motion. It is true that the appellees did not allege or offer evidence that Stanley entered the appellees' residence unlawfully, thereby triggering the exclusionary rule and tainting the probable cause affidavit. *Cf. Martin v. State*, 67 S.W.3d 340, 343 (Tex. App.—Texarkana 2001, pet. ref'd) (in which defendant asserted that search warrant affidavit was tainted by unlawfully obtained information). But that was not the basis for the district court's order. Instead, the court sustained the appellees' contention that the search warrant affidavit did not support a finding of probable cause by ruling that the affidavit, on its face, failed to show that information crucial to a finding of probable cause was lawfully obtained. This ruling was within the scope of the appellees' motion to suppress. It is important to stress that the only issue presented in this appeal is the proper interpretation of the probable cause affidavit.

The trial court's first conclusion of law states that the incident under investigation when Stanley entered the residence "is nowhere described in the affidavit." To the contrary, the affidavit describes the incident as "a major fight/assault in progress involving a number of persons." A search warrant affidavit must be read in a common sense and realistic manner. *Cassias*, 719 S.W.2d at 587. Reasonable inferences may be drawn from the facts and circumstances contained within the four corners of the affidavit. *Id*. at 587-88. The adequacy of the probable cause affidavit in this case turns on the inferences the issuing magistrate could reasonably draw from the description of the incident that was the reason for Stanley being at the appellees' residence in the first place.

Police officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury. *Brigham City v. Stuart*, 547

4

U.S. ___, ___, 164 L. Ed. 2d 650, 658 (2006) (citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978)). In *Stuart*, police officers were dispatched to a residence at 3:00 a.m. in response to a report of a loud party. *Id*. at 164 L. Ed. 2d 656. From outside the house, they could hear from within "some kind of a fight," with loud "thumping and crashing" and people shouting. *Id*. at 659. Because the noise was coming from the rear of the house, the officers went to the back yard, where they found two juveniles drinking beer. *Id*. Through a window, they could see four adults attempting to restrain another juvenile. *Id*. at 656. This juvenile managed to break free and strike one of the adults in the face, sending the adult to the sink spitting blood. *Id*. At this point, an officer opened the kitchen door, announced his presence, and entered. *Id*. The adults were subsequently arrested and filed a motion to suppress all evidence obtained after the officers entered the house, arguing that the warrantless entry violated the Fourth Amendment. *Id*. The motion to suppress was granted by the trial court, and its ruling was sustained by the state appellate courts. *Id*. at 656-57. The Supreme Court reversed, holding that under the circumstances, the officers had an objectively reasonable basis for believing both that the injured adult might need help and that the violence in the kitchen was just beginning. *Id*. As the Court explained, "Nothing in the Fourth Amendment required them to wait until another blow rendered someone 'unconscious' or 'semi-conscious' or worse before entering. The role of a peace officer includes preventing violence and restoring order, not simply rendering first aid to casualties . . . ." *Id*.

The affidavit at issue does not describe the incident at the appellees' residence in the detail found in the *Stuart* record. In the affidavit, however, it was averred that Stanley and other officers were dispatched to the appellees' residence in response to a report of "a major fight/assault

5

in progress involving a number of persons." The affiant also averred that Stanley entered the residence "while conducting the investigation" of this incident. The appellees did not question the truth of these statements. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (permitting challenge to veracity of probable cause affidavit). We believe that the magistrate could reasonably infer that physical violence was or had been taking place at the appellees' residence and that Stanley entered the residence either to restore order or to determine if anyone inside required medical assistance. In short, the magistrate could reasonably infer from the facts stated in the affidavit that Stanley lawfully entered the appellees' residence. Therefore, it was proper for the magistrate to consider Stanley's observations while inside the residence in deciding whether the affidavit stated probable cause to search.

A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006). A "grudging or negative attitude by reviewing courts toward warrants" is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. *Id*. (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). Giving the magistrate's probable cause finding the deference it is due and allowing for reasonable available inferences, we hold that the affidavit was sufficient to warrant a finding of probable cause to search the appellees' residence.

The district court's order granting the appellees' motion to suppress is reversed, and the causes are remanded for further proceedings.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Remanded

Filed:　February 14, 2007

Do Not Publish