In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-311 CR


 ______________________


 

CHARLES ANTHONY CASCIO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court 


 Jefferson County, Texas


Trial Cause No. 95109 






MEMORANDUM OPINION 


 Charles Anthony Cascio appeals from his conviction for possession of a controlled
substance as a repeat felony offender. The trial court sentenced him to a ten-year probated
sentence. 

 Cascio raises one issue on appeal. He argues the trial court erred in denying his
motion to suppress. He contends the officer's affidavit contains a false statement and does
not provide probable cause to support the magistrate's issuance of the search warrant. Cascio
asserts the trial court violated the Fourth and Fourteenth Amendments to the United States
Constitution, article 1, section 9, of the Texas Constitution, and article 38.23 of the Code of
Criminal Procedure.

 For a search warrant to issue, the supporting affidavit must set forth "sufficient facts
to establish probable cause: (1) that a specific offense has been committed, (2) that the
specifically described property or items that are to be searched for or seized constitute
evidence of that offense . . . , and (3) that the property or items constituting evidence to be
searched for or seized are located at or on the particular person, place, or thing to be
searched." Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon 2005). The test is "whether
a reasonable reading by the magistrate would lead to the conclusion that the affidavit
provided a 'substantial basis for the issuance of the warrant[.]'" Rodriguez v. State, No. PD-1013-06, 2007 WL 1343066, at *2 (Tex. Crim. App. May 9, 2007) (quoting Massachusetts
v. Upton, 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984)). The magistrate's sole
concern is probability. Id. The probability required for probable cause cannot be based on
mere conclusory statements of an affiant's belief. Id. at *3. Under the totality of the
circumstances, when there is a "fair probability" that contraband or evidence of a crime will
be found at the specified location, probable cause exists. Id. at *2; see Davis v. State, 202
S.W.3d 149, 154 (Tex. Crim. App. 2006) (citing Cassias v. State, 719 S.W.2d 585, 587 (Tex.
Crim. App. 1986)). When the focus of inquiry is a confidential informant's veracity or
reliability and the basis of his knowledge, the elements are considered "as closely intertwined
issues" and as relevant considerations in the totality-of-the circumstances analysis. Illinois
v. Gates, 462 U.S. 213, 230, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "[A] deficiency
in one may be compensated for, in determining the overall reliability of a tip, by a strong
showing as to the other, or by some other indicia of reliability." Id. at 233; see Elardo v.
State, 163 S.W.3d 760, 765-766 (Tex. App.--Texarkana 2005, pet. ref'd).

 In reviewing a magistrate's decision to issue a warrant, both the trial and appellate
courts apply a "highly deferential standard in keeping with the constitutional preference for
a warrant." Rodriguez, 2007 WL 1343066, at *3 (citing Gates, 462 U.S. at 236). The
reviewing court interprets the affidavit in a commonsensical and realistic manner and defers
to all reasonable inferences the magistrate could have made. Id. (citing, among others,
Cassias, 719 S.W.2d at 588). 

 In his affidavit supporting the request for a search warrant, the officer names Cascio
as a suspected party and states the officer believes Cascio had possession of and was
concealing methylendioxy methamphetamine (MDMA) without a valid prescription at an
address in Beaumont. The affidavit further states the officer has been a police officer since
May 1994 and is assigned to the Narcotics Division as an investigator. 

 The probable cause portion of the affidavit begins with the officer's statement of his 
experience as a police officer and narcotics division investigator. His experience provides
a basis for inferences he makes concerning drug activity at the premises. The officer then
relates that a confidential informant gave him information about drug possession at a specific
residence. The officer's statement that he had previously used the informant as a source of
drug trafficking information, and that the information had "proven true and correct on past
occasions," supports a conclusion that the informant is a credible and reliable source of
information. According to the affidavit, the informant told the officer that the informant had
been inside the residence within the past seventy-two (72) hours and observed the persons
there in possession of MDMA (ecstacy). The "described suspected persons" told the
informant the substance was ecstasy, and the informant indicated the informant knew, from
personal experience, the substance was ecstacy. The informant also stated that on previous
occasions he/she had observed these persons possessing and selling ecstasy from this place,
and he/she saw ecstasy in the building at this specific location and on the grounds. The
informant's personal observation, personal knowledge of the substance, and specificity of
detail make a strong showing supporting the basis of the informant's knowledge and
reliability. 

 This affivadit -- containing specific, particularized information from the informant and
the officer's statement of past use of accurate information from this informant -- stands in
contrast to the affidavit in State v. Davila, 169 S.W.3d 735, 739 (Tex. App.--Austin 2005,
no pet). There, the officer indicated he had used an informant in the past, but did not say the
information led to seizure of controlled substances or that the information had in some other
way proven accurate. Id.; see also Elardo, 163 S.W.3d at 766 (no facts in affidavit indicating
why the informant was reliable and no other indicia of reliability). The Davila affidavit also
contained no facts describing the basis for the informant's purported knowledge, and there
was no indication how recent the informant's information might have been obtained. See
Davila, 169 S.W.3d at 739. These deficiencies are not present here. 

 Further, the officer here states he conducted surveillance at the location for several
days and observed activity consistent with drug trafficking. The officer does not indicate
when this surveillance took place. The date of the tip is the same date as the issuance of the
warrant, which the officer executed the following day. Although the officer's affidavit does
not provide any details of the activity leading him to believe it to be drug trafficking, the
magistrate could have made an inference, from the officer's narcotics investigation
experience, that the officer's specialized knowledge led him to that conclusion. The
informant's tip corroborates the conclusion the officer reached from his surveillance. Cascio appears to raise a Franks challenge when he states the officer made a false
statement in the affidavit. See Franks v. Delaware, 438 U.S. 154, 155-56, 171, 98 S.Ct.
2674, 57 L.Ed.2d 667 (1978) (If a defendant establishes by a preponderance of the evidence
that the affiant knowingly and intentionally made a false statement or made a statement with
reckless disregard for the truth in the probable cause affidavit, and the remainder of the
affidavit is insufficient to establish probable cause, the search warrant is void and the fruits
of the search are excluded.). The record indicates the officer received the information from
the informant and applied for the search warrant on January 19, 2005, and the search warrant
was issued on the same day. The officer executed the search warrant on January 20, 2005. 
The affidavit states the officer conducted surveillance for several days on the residence. 
Cascio argues the officer's statement must be false, because the time frame between January
19 and January 20 does not allow for several days of surveillance. Because the officer could
have conducted surveillance on the residence prior to receiving the informant's tip, Cascio
does not establish by a preponderance of the evidence that the officer made a false statement
or made a statement with reckless disregard of the truth. See id.

 A "reasonable reading" of the affidavit would allow the magistrate to infer the
following: the informant was credible and reliable; the informant had personal knowledge
of ecstasy; the informant had been in the suspected place very recently and observed the
presence of ecstasy there, along with the occupant's possession of ecstasy; and the officer,
a narcotics division investigator, had observed drug trafficking activity at the location. See
Rodriguez, 2007 WL 1343066, at *2. Under the totality of the circumstances, there was a
"fair probability" that contraband would be found at the location; the probability was based
on more than conclusory statements of the officer's belief. See id., *2-*3. We conclude that
the magistrate, in his review of the affidavit, had a substantial basis for finding that probable
cause existed to support the issuance of the search warrant. The trial court did not abuse its
discretion in denying the motion to suppress. Cascio's issue is overruled. 

 The judgment of conviction is affirmed. 

 AFFIRMED.

 

 DAVID GAULTNEY

 Justice

Submitted on April 12, 2007

Opinion Delivered August 1, 2007

Do Not Publish


 Before McKeithen, C.J., Gaultney and Horton, JJ.