

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

Nos. 04-08-00355-CR, 04-08-00356-CR

Sergio **NAVARRO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2007-CR-4528, 2007-CR-4529
Honorable Mary Román, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:          Sandee Bryan Marion, Justice
                  Phylis J. Speedlin, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:  June 24, 2009

AFFIRMED

Sergio Navarro appeals his convictions for felon in possession of a firearm and possession of cocaine with intent to deliver.  Navarro contends the trial court erred in failing to suppress evidence, claiming the warrant used to search his home relied upon false or unreliable information provided by a confidential informant.  We affirm the judgments of the trial court.

### BACKGROUND

Detective Jeff Stewart prepared the probable cause affidavit dated March 20, 2007.  In it, Detective Stewart stated that Navarro unlawfully possessed cocaine at his mother's, Leticia Navarro, house located at 418 Green Meadow.  Detective Stewart described the house and the vehicles parked on the street in front of the house.  The affidavit continued as follows:

> Affiant has been employed as a police officer for the San Antonio Police Department for Fourteen years and six months.  I have worked Narcotic Investigations for four years and ten months. Affiant received information from a credible and reliable person who has on previous occasions given affiant information which led to the arrests of many persons, but whose identity cannot be revealed for security reasons, that the said credible and reliable person, did see, within the past forty-eight hours, a controlled substance, to wit: COCAINE in possession of the aforesaid SERGIO NAVARRO L.M. DOB: 04-06-75 SID#0785605 at 418 GREEN MEADOW, San Antonio, Bexar County, Texas.   The credible and reliable individual gave information on SERGIO NAVARRO'S address, vehicle information, prior arrests and other drug traffickers associated with SERGIO NAVARRO.  Affiant conducted computer research, which revealed that SERGIO NAVARRO L.M. DOB: 04-06-75 resides at 418 GREEN MEADOW.  Affiant has conducted surveillance on 418 GREEN MEADOW for the past several weeks.  Affiant acquired a picture of SERGIO NAVARRO and his criminal history.  Affiant has personally seen SERGIO NAVARRO coming and going from 418 GREEN MEADOW at varying hours throughout the day and evening.  Affiant has never seen SERGIO NAVARRO going to work throughout the day.  Affiant confirmed that the vehicles the informant had given information on were at 418 GREEN MEADOW.

A search warrant was issued based on Detective Stewart's affidavit.  Law enforcement personnel executed the search warrant and seized, among other items, two plastic baggies containing cocaine and four guns.  Navarro filed a motion for a *Franks v. Delaware*[1] hearing, a motion to disclose identity of the informant, and a motion to suppress the evidence seized during the search.  Attached to the motions were four affidavits from Navarro's family members stating that they were at the house at 418 Green Meadow at varying times during the 48-hour period preceding the issuance

---

[1] 438 U.S. 154 (1978).

of the warrant, and "at no time during that period of time did anyone other than family members have any contact with 418 Green Meadow." After a hearing, the trial court denied Navarro's motions. Navarro subsequently pleaded guilty to the charges against him; the trial court, however, certified his right to appeal matters raised by written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2)(B). Navarro timely appealed.

## DISCUSSION

In two issues on appeal, Navarro argues the trial court erred in denying his motion to suppress because (1) the search warrant was based on information from a confidential informant who was not proven to be reliable, and whose information was not corroborated, and (2) at the hearing, the officer was not permitted to answer whether the informant was paid.

A magistrate shall not issue a search warrant without first finding "probable cause" that a particular item will be found in a particular location. *See* U.S. CONST. amend. IV; TEX. CONST. art I, § 9. "Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location." *Rodriguez v. State*, 232 S.W.3d 55, 60 (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). In reviewing a magistrate's determination that probable cause exists to support issuance of a search warrant, we give great deference to the magistrate's determination of probable cause. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). This highly deferential standard of review requires us to interpret the affidavit in support of the search warrant in a "commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *Rodriguez*, 232 S.W.3d at 61 (citing *Gates*, 462 U.S. at 240). We look at the four corners of the affidavit to determine whether there are sufficient facts, coupled with inferences from those facts, to establish

a "fair probability" that evidence of a particular crime will be found at a given location. *Rodriguez*, 232 S.W.3d at 62; *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). We do not examine whether there are other facts that could have, or even should have, been included in the affidavit. *Rodriguez*, 232 S.W.3d at 62. Because the trial court entered express findings of fact and conclusions of law, we review the affidavit in light of the trial court's findings on the historical facts, giving deference to those findings. *Davis v. State,* 144 S.W.3d 192, 197 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Swearingen,* 143 S.W.3d at 810-11).

When, as here, a police officer's search warrant affidavit is based upon information received from a confidential informant, the informant's veracity and his basis of knowledge are highly relevant factors in determining whether probable cause exists. *Gates*, 462 U.S. at 238-39. Corroboration of the details of an informant's tip through independent police investigation can also be relevant in the magistrate's determination of probable cause. *Id.* at 241-42. Likewise, the affidavit should set forth the foundation for the officer's belief in an informant's credibility and veracity; however, "a deficiency in one may be compensated . . . by a strong showing as to the other, or by some other indicia of reliability," all of which are relevant considerations under the totality of the circumstances. *Id.* at 233.

Navarro alleges that the affidavit contains no facts from which the magistrate could conclude the informant was credible or that the information given to Detective Stewart was reliable. In support, he relies on *State v. Davila*, in which the Austin Court of Appeals affirmed the trial court's suppression of evidence based on a conclusory affidavit that did not adequately describe the basis of the informant's purported knowledge. *State v. Davila*, 169 S.W.3d 735, 739 (Tex. App.—Austin 2005, no pet.). Specifically, the affidavit failed to state when the informant obtained the information,

when the officer received the tip from the informant, and whether the informant's previous tips had proved to be reliable. *Id.* Here, in contrast, Detective Stewart specified that the informant had personally seen Navarro in the possession of cocaine "within the past forty-eight hours." Additionally, Detective Stewart stated that the informant had given him information in the past which "led to the arrests of many persons." Accordingly, we cannot agree that *Davila* supports Navarro's argument.

Navarro likewise relies on *Davis v. State* to support his position that Detective Stewart's affidavit was insufficient to support a showing of probable cause. *See Davis*, 144 S.W.3d at 200. *Davis* is distinguishable from the instant situation, however, because the affidavit in *Davis* was based on a tip from a confidential informant who had never given information to a law enforcement agency before. *Id.* at 198. In addition, the officer failed to independently verify the informant's background, such as his residence, employment, or previous charges and convictions. *Id.* at 198-99. The Fort Worth Court of Appeals stated that an officer's failure to corroborate the information provided by an informant diminishes the reliability of the tip when a confidential informant is used for the first time. *Id.* at 200. Because other information provided by the informant was not verified, such as the suspects' proper names, the court held that the facts in the officer's affidavit were insufficient under the "totality of the circumstances" to establish probable cause. *Id.* at 199-200.

Here, the informant supplied Detective Stewart with information on Navarro's name, address, vehicles, prior arrests, and other drug traffickers associated with Navarro. In addition to specifying when the informant had personally seen cocaine in Navarro's possession and that the informant had previously given information which led to "many" arrests, Detective Stewart corroborated the informant's tip by conducting computer research and "several weeks" of surveillance which verified

that Navarro resided at 418 Green Meadow and that the vehicles described by the informant were located at that address. Based on this record, we conclude the affidavit contained sufficient facts to establish a "fair probability" that evidence of a particular crime—cocaine—would likely be found at a specified location—418 Green Meadow. *See Rodriguez v. State*, 232 S.W.3d at 60.

To the extent that Navarro challenges the ruling on his *Franks v. Delaware* motion, we conclude that he did not meet his burden of showing that Detective Stewart intentionally, knowingly, or with reckless disregard for the truth placed false assertions in the affidavit. *See Franks*, 438 U.S. at 171-72. In its findings of fact and conclusions of law, the trial court found the informant to be reliable and credible and concluded there was nothing in the record to indicate that the Detective did not believe that the informant was reliable or credible at the time he made the affidavit. At the hearing on the motion to suppress, Detective Stewart testified that the confidential informant had worked with him for six years, and had probably given information in "about a hundred" cases. The trial court chose to believe the testimony of Detective Stewart over the interested testimony of Navarro's relatives, and there was no showing that the Detective's statements were false or made with a reckless disregard for the truth. *Id.* Because the totality of the circumstances stated in the affidavit gave the magistrate a substantial basis for concluding that a search of the house would uncover contraband, the trial court did not err in failing to suppress the evidence seized during the search. Accordingly, Navarro's first appellate issue is overruled.

Navarro also claims the trial court erred in allowing the State to violate *Brady*[2] and *Giglio*[3] by sustaining the State's objection to questions about whether the confidential informant was paid. The State responds that Navarro has waived this complaint on appeal by failing to bring the *Brady* claim to the attention of the trial court. We agree. The trial court cannot err in denying a motion on a basis that was not presented to it. *See Keeter v. State*, 175 S.W.3d 756, 759 (Tex. Crim. App. 2005); *see also Clarke v. State*, 270 S.W.3d 573, 580 (Tex. Crim. App. 2008) (holding that appellant must present argument to trial judge in time for him to rule on it to preserve claim on appeal). The record here is devoid of any objection that would have alerted the trial court, or the prosecution, to the fact that Navarro was asserting a *Brady* or *Giglio* claim. Accordingly, we hold that Navarro has waived this complaint, and overrule his second appellate issue.

## CONCLUSION

Based on the foregoing analysis, the judgments of the trial court are affirmed.


Phylis J. Speedlin, Justice

Do not publish

---

[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

[3] *Giglio v. United States*, 405 U.S.150, 154 (1972) (holding that when the reliability of a witness may be determinative of guilt or innocense, nondisclosure of evidence affecting credibility requires a new trial if the false testimony could have affected the jury's judgment).