**AFFIRMED; Opinion Filed October 17, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-17-01404-CR
No. 05-17-01405-CR

**ROBERT LEE SPISER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause Nos. 2-17-0217 & 2-17-0218**

## MEMORANDUM OPINION

**Before Justices Myers, Evans, and Brown**
**Opinion by Justice Evans**

Robert Lee Spiser appeals his convictions for possession of the controlled substances alprazolam and methamphetamine. On appeal, appellant challenges the trial court's denial of his motion to suppress contending that the search warrant affidavit failed to establish probable cause. We affirm.

### BACKGROUND

On June 26, 2016, Sergeant Cantu with the Rowlett Police Department obtained a magistrate's warrant to search appellant's residence located at 9410 Shearer Street in Rowlett. The warrant authorized a search for methamphetamine and other evidence of drug trafficking. Following the search of his residence, appellant was indicted for the state jail felony offense of possession of alprazolam in a drug free zone and the second degree felony offense of possession

of methamphetamine in a drug free zone. Appellant filed a motion to suppress all of the items found during the search of his residence. During the hearing on appellant's motion, appellant argued that the information pertaining to the informants and surveillance contained in the search warrant affidavit was conclusory and that the single search of appellant's trash was insufficient to establish probable cause. After the trial court denied appellant's motion, he pleaded guilty to each offense preserving his right to appeal. Pursuant to a plea bargain agreement, appellant was sentenced in the state jail case to two years' imprisonment, probated for five years, and a fine of $1,000, and ten years' imprisonment, probated for five years, and a $2,000 fine in the second degree felony case.

## ANALYSIS

In his sole issue on appeal, appellant contends that the trial court erred by denying his motion to suppress because the search warrant affidavit failed to establish probable cause. We conclude that the magistrate did have a substantial basis for concluding that probable cause existed to support the issuance of the warrant.

A search warrant may not issue unless it is based upon probable cause, established by a sworn affidavit. *See* U.S. CONST. amend. IV; TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2017); *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011). The test is whether a reasonable reading by the magistrate would lead to the conclusion that the four corners of the affidavit provide a "substantial basis" for issuing the warrant. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Probable cause exists if, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place at the time the warrant is issued. *See Jordan*, 342 S.W.3d at 568–69.

We typically apply a bifurcated standard of review to a trial court's ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing

*de novo* the trial court's application of law. *See State v. McLain,* 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). However, where, as here, a motion to suppress is based solely on a magistrate's decision to issue a warrant, there are no credibility determinations to which we must defer because the trial court is constrained to the four corners of the affidavit. *See State v. Webre,* 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.). Accordingly, in reviewing the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *See McLain,* 337 S.W.3d at 271; *Illinois v. Gates,* 462 U.S. 213, 236 (1983). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. *See Id.* In doubtful or marginal cases, the magistrate's determination should prevail. *See Flores v. State,* 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. *Jordan,* 342 S.W.3d at 569. The focus is not on what other facts could or should have been included in the affidavit; rather, the focus is on the combined logical force of facts that are actually in the affidavit. *Duarte*, 389 S.W.3d at 354–55.

The probable cause affidavit in support of the warrant read in relevant part as follows:

Your affiant, Sgt. O. Cantu #1109 is a Sergeant with the Rowlett Police Department and is currently assigned to the Criminal Investigation Division as narcotics supervisor. Affiant has more than twenty-one (21) years of law enforcement experience. Affiant has been to several narcotics related schools and conferences and is familiar with the way narcotics trafficking is conducted. Affiant is currently responsible for conducting and supervising criminal investigations regarding illegal drug traffickers by working with confidential informants, conducting surveillance, working undercover, and making drug purchases. Affiant knows from experience the methods in which drug traffickers operate and distribute their illegal narcotics.

The Rowlett Police Department has been conducting an ongoing investigation concerning subject named Robert Spiser who is selling methamphetamines and gamma-hydroxybutyric acid (GHB) from his residence, 9410 Shearer St., Rowlett, Rockwall County, Texas.

Since March of 2016, multiple people have contacted the Rowlett Police Department concerning the illegal drug activity regarding Robert Spiser W/M 12/11/72 who resides at 9410 Shearer St. Rowlett Texas, Rockwall County. These were all independent accounts of heavy illegal drug usage and distribution of illegal drugs, including methamphetamines and GHB.

During the course of the investigation Sgt. Cantu and Detective Hardman #1016 with the Rowlett Police Department have conducted surveillance at the residence for several different days, at different times of the day. Sgt. Cantu and Detective Hardman observed heavy vehicle traffic going and leaving the Spiser residence. Most vehicles would stay at the residence for a short period of time before leaving the residence. This type of traffic is consistent with illegal narcotic trafficking and distribution.

In June of 2016 Sgt. Cantu was contacted by Sgt. Johnson of the Rockwall Police Department. Sgt. Johnson stated he received information from independent sources that Robert Spiser who resides at 9410 Shearer, Rowlett Texas is involved in selling methamphetamines and GHB out of his residence. Several narcotics related arrests were recently made by Rockwall Police Department by individuals who had just left the residence at 9410 Shearer.

On June 24th 2016 Detectives M. Hardman and S. Young with the Rowlett Police Department removed the discarded trash at 9410 Shearer St. This was the trash day pickup designated for that area, and the green trash polycart was out by the alley ready for pickup. Detectives removed 2 white trash bags from the polycart. In one of the bags was mail in the name of Robert Spiser with the address of 9410 Shearer, Detectives also located a clear zip lock bag approximately 2x3 inches with white crystal residue in it. Detective Hardman field tested the residue with a nartek drug test kit. The white residue tested positive for the presence of methamphetamines. The size of the bag is consistent with the distribution of large quantities of methamphetamines. Detectives also located a small syringe in the same trash bag.

Based on all of the foregoing information your Affiant has reason to believe and does believe that illegal narcotics including methamphetamines and GHB exist at the above described property and that there is probable cause to search the property at 9410 Shearer St., Rowlett, Rockwall County, Texas, as described above herein.

From the four corners of the probable cause affidavit, the magistrate could find the following circumstances: (1) Sgt. Cantu was a longtime peace officer with extensive training and experience in narcotics investigations; (2) beginning in March 2016, the Rowlett Police Department had conducted an ongoing investigation concerning appellant's illegal drug activity from his residence based on information from multiple people who had contacted the department; (3) the information regarding the drug activity included appellant's name, his address, and

accounts of heavy usage and distribution of specific drugs, i.e., methamphetamines and GHB; (4) during the investigation, Sgt. Cantu and Detective Hardman with the Rowlett Police Department conducted surveillance at appellant's residence for several different days, at different times, and observed heavy vehicle traffic going to and leaving the residence after a short period of time; (5) the traffic patterns observed at appellant's residence was consistent with illegal narcotic trafficking and distribution; (6) in June 2016, another officer, Sgt. Johnson, of the Rockwall Police Department, relayed to Sgt. Cantu information he had received from independent sources regarding appellant's involvement in selling methamphetamines and GHB out of his residence and the fact that there had been several narcotics arrests recently made of people who had just left the residence; (6) on June 24, 2016, Detectives Hardman and Young with the Rowlett Police Department found residue, which field-tested positive for methamphetamines, together with a small syringe, in the discarded trash at appellant's residence in a bag consistent with the distribution of large quantities of methamphetamines; mail in appellant's name was also found in the discarded trash.

Appellant argues that with the exception of a single trash pull conducted on June 24, 2016, none of the other information contained in the affidavit can be used to establish probable cause because they are conclusory statements which "lack the specificity, articulable facts, sufficient information, reliability, and credibility to contribute to the totality of the circumstances." In support of this argument, appellant contends that the affiant relies on information from unnamed informants without reference to the tipsters' credibility or the reliability, veracity or basis of their knowledge. The reliability of the affiant and his sources of information are within the "totality of the circumstances" which a magistrate should consider in making a probable cause determination. *See Johnson v. State*, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991); *State v. Coker*, 406 S.W.3d 392,

396 (Tex. App.—Dallas 2013, pet. ref'd). A magistrate is entitled to rely on information supplied by a private citizen, since, unlike many police informants, they are much less likely to produce false or untrustworthy information. *See Johnson*, 803 S.W.2d at 289; *Coker*, 406 S.W.3d at 396; *see also Duarte*, 389 S.W.3d at 356 ("The citizen-informer is presumed to speak with the voice of honesty and accuracy."). During oral argument, appellant conceded that the magistrate could reasonably infer that the informers referred to in the affidavit were private citizens. Further, based on the specificity of the information given to the police, i.e., appellant's name, his exact address, and the specific drugs being used and distributed, the magistrate could reasonably infer that the citizen informers had some familiarity with appellant and his affairs. *See Flores v. State*, 319 S.W.3d at 703 (anonymous citizen could not give exact address but described vehicles found at residence, gave Flores' name and first name of female who lived with him, observed cocaine in residence in the past, and stated that Child Protective Services had investigated Flores regarding use of marihuana in presence of his children).

Appellant also contends that the information regarding the surveillance does not contribute to a finding of probable cause because it fails to include a timeline and lacks specificity as to when the surveillance took place. Appellant makes this same argument regarding the statements in the affidavit pertaining to information Sgt. Cantu received in June from Sgt. Johnson concerning appellant's illegal drug activity at his residence and the recent narcotic arrests made of people leaving the residence. However, by looking at the affidavit in its entirety, and considering all the facts in the affidavit, the magistrate could reasonably infer that the timeline for the surveillance was sometime during the three month period between March 2016, when citizens first contacted the police department concerning the illegal drug activity at the residence, and June 2016 when Sgt. Johnson relayed information to Sgt. Cantu about information he had received about the illegal drug activity and the narcotics arrests of people leaving the residence. Further, given the fact that

the statement regarding the narcotics arrests "recently" made appeared in the paragraph relaying the information Sgt. Cantu received from Sgt. Johnson in June 2016, the methamphetamine was found in the discarded trash on June 24, and the affidavit and warrant was presented to the magistrate on June 26, the magistrate could reasonably infer that the narcotic arrests of people leaving the premises took place during the previous three weeks of June. In addition, based on the statements that the surveillance took place on different days and at different times, that Sgt. Johnson received information from citizens in June regarding the illegal drug activity, and that narcotics arrests were made in June, the magistrate could reasonably infer that the illegal drug activity at appellant's residence was ongoing for the three months leading to the search of appellant's residence. In any event, the court of criminal appeals has suggested that time is a less important consideration when an affidavit recites observations that are consistent with ongoing drug activity at a defendant's residence. *See Jones*, 364 S.W.3d at 860–61 (*citing McClain*, 337 S.W.3d at 273–74).

Appellant also takes issue with the affidavit's reference to "heavy vehicle traffic" in the paragraph describing the surveillance and the lack of details about the vehicles. Again, the focus is not on what other facts could or should have been included in the affidavit; the focus is on the combined logical force of facts that are in the affidavit. *See Duarte*, 389 S.W.3d at 354–55; *Coker*, 406 S.W.3d at 396.

We conclude that the trash search in this case was sufficient to establish probable cause to search appellant's house in light of the totality of circumstances.

Appellant's reliance on the holdings in *Serrano v. State*, 123 S.W.3d 53 (Tex. App.—Austin 2003, pet. ref'd) and *State v. Davila*, 169 S.W.3d 735 (Tex. App.—Austin 2005, no pet.) is misplaced. In both *Serrano* and *Davila*, the court held that the one-time discovery of drug residue in the trash did not justify a finding of probable cause in light of the totality of the other

circumstances contained in the affidavit. *Serrano*, 123 S.W.3d at 62–63; *Davila*, 169 S.W.3d at 740. In *Serrano*, the tip was that "a Daniel Serrano, a 25–year–old Hispanic male" was dealing cocaine in the Austin, Travis County area and that he had a 30–year–old brother, Earnest. *Serrano*, 123 S.W.3d at 60. In *Davila*, the tip was that "information has been given to your Affiant by a Confidential Informant . . . regarding cocaine and marijuana being possessed" at a certain address. *Davila*, 169 S.W.3d at 739. Unlike the case here, in both *Serrano* and *Davila*, the affidavit did not provide any basis from which the magistrate could conclude that the informer was credible or determine that the tip was reliable; the affidavit did not state when the tip was received, when the informant obtained his information, or when the described incident took place. *Serrano*, 123 S.W.3d at 60; *Davila*, 169 S.W.3d at 739. Further, the police investigation following the tip in *Serrano* consisted of nothing more than a search of the police computer files which revealed two addresses for a Daniel Serrano living in Austin and then a trash pull based on the affiant doing surveillance of the second address listed on the day scheduled for trash pickup and identifying Daniel Serrano leaving the residence based on a police photograph. There was nothing to suggest the probability that the items searched for were on the premises because there was no evidence that anyone had been on the premises and seen contraband, that known users of narcotics frequented the place, that people were coming and going at all hours, or that there were short stops by automobiles. *Serrano*, 123 S.W.3d at 61–63. In *Davila*, the only investigation following the informant's tip was the single trash pull which revealed a bag containing marihuana residue. *Davila*, 169 S.W.3d at 740.

In this case, the determination of probable cause did not rest solely on the evidence found from the single trash search but was coupled with other circumstances. We conclude that all of the circumstances stated in the affidavit, including the multiple tips from citizens about the residence, the surveillance of traffic, the trash search, and the narcotics arrests of people who left

–8–

the residence provided the magistrate with a substantial basis to conclude that methamphetamine and other evidence of drug trafficking was probably in appellant's residence at the time of the search. We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgments.

<u>/David Evans/</u>
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
171404F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERT LEE SPISER, Appellant

No. 05-17-01404-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-17-0217.
Opinion delivered by Justice Evans, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of October, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERT LEE SPISER, Appellant

No. 05-17-01405-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-17-0218.
Opinion delivered by Justice Evans, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of October, 2018.